UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.S., | No. 2:24-cv-02849-DAD-SCR |
| Plaintiff, | |
| v. | SCHEDULING ORDER |
| HAPPY HIPPO, LLC, | |
| Defendant. | |

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the court has reviewed the parties' joint status report (Doc. No. 24) and has determined that the court need not "consult[] with the parties' attorneys and any unrepresented parties at a scheduling conference," before issuing a scheduling order in this case. Fed. R. Civ. P. 16(b)(1)(B). Accordingly, the court vacates the initial scheduling conference set for August 25, 2025 and hereby issues this scheduling order.

I.      SERVICE OF PROCESS

The named defendant Happy Hippo, LLC has been served as required by Federal Rule of Civil Procedure 5. No further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

/////

/////

1

II.    JOINDER OF ADDITIONAL PARTIES / AMENDMENT OF PLEADINGS

The parties have not informed the court regarding whether they anticipate the joinder of additional parties or amendment of the pleadings.

No further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 27 604 (9th Cir. 1992). The parties are advised that the filing of motions and/or stipulations requesting leave to amend the pleadings does not imply good cause to modify the existing schedule. Fed. R. Civ. P. 16 (b)(4); *see also Johnson*, 975 F. 2d at 609. Moreover, any amendment requested under Federal Rule of Civil Procedure 15(a) must not be: (1) prejudicial to the opposing party; (2) the product of undue delay; (3) proposed in bad faith; or (4) futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

III.    DISCOVERY PROCEDURES

Discovery matters that do not implicate the schedule of the case or that do not relate to sealing or redaction of documents related to dispositive motions are referred to the assigned United States Magistrate Judge, who will hear all discovery disputes subject to his or her procedures. (The assigned magistrate judge's initials follow the district judge's initials next to the case number.) All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Do not direct delivery of courtesy copies of these documents to the district judge. Counsel are directed to contact the magistrate judge's courtroom deputy clerk to schedule discovery matters for hearing.

All motions to compel discovery must be noticed on the assigned magistrate judge's calendar in accordance with the local rules of this court and the magistrate judge's own procedures. The written ruling of the assigned magistrate judge shall be final, subject to modification by the district court only where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). Pursuant to Local Rule 303, any party may file and serve a "Request for Reconsideration by the District Court of Magistrate Judge's Ruling." *See* L.R. 303(c). The requesting party must file and serve any such request within fourteen (14) days of service of a written ruling. L.R. 303(b). The request must

1  specify which portions of the ruling are clearly erroneous or contrary to law and the basis for that

2  contention with supporting points and authorities.  L.R. 303(c).

3       In addition, the assigned magistrate judge reviews proposed discovery phase protective

4  orders sought by the parties pursuant to Local Rule 141.1.  However, requests to seal or redact in

5  connection with dispositive motions or trial are decided by Judge Drozd and any such requests

6  must comply with Judge Drozd's Standing Order and Local Rules 140 and 141.

7  IV.    DISCOVERY DEADLINES

8       A.    **Rule 26(a) Initial Disclosures**

9       The parties shall serve their initial disclosures pursuant to Federal Rule of Civil Procedure

10  Rule 26(a)(1) no later than **September 8, 2025**, which is a date proposed by the parties.

11       Any parties served or joined after the issuance of this scheduling order shall "make the

12  initial disclosures within 30 days after being served or joined," as provided by Rule 26(a)(1)(D).

13       B.    **Class Certification**

14       The parties propose that only certain deadlines—including the parties' briefing schedule

15  for plaintiff's motion for class certification—be set at this time and that the court set further

16  deadlines after resolution of plaintiff's anticipated motion.  (Doc. No. 24 at 3.)  However, the

17  parties propose competing schedules.  (*Id.* at 3–4.)  For instance, plaintiff proposes that fact

18  discovery continue after plaintiff's class certification motion and suggests that the court set no

19  fact discovery deadlines at this time.  (*Id.* at 3.)  On the other hand, defendant appears to propose

20  that all fact discovery be completed prior to plaintiff's motion for class certification, starting with

21  fact discovery regarding plaintiff's individual claims, followed by fact discovery regarding

22  plaintiff's class claims.  (*Id.* at 4.)  As the parties' joint statement provides, "certain discovery will

23  only become necessary after a class is certified."  (*Id.* at 2.)  Given the possible need for further

24  fact discovery following the court's order on plaintiff's motion for class certification, the court

25  declines to set fact discovery deadlines at this time.  (*Id.*)  Additionally, defendant proposes that

26  prior to plaintiff's motion for class certification, the parties should file dispositive motions

27  relating to plaintiff's individual claims.  (*Id.* at 4.)  With an eye toward ensuring than any

28  /////

3

dispositive motions are decided on the merits with the benefit of all discovery, the court declines to set such a deadline.  As such, the court adopts plaintiff's proposed schedule as follows.

Any motion for class certification pursuant to Federal Rule of Civil Procedure 23 shall be filed by no later than **May 13, 2026**.  Plaintiff shall produce his class certification expert(s) for deposition no later than **June 10, 2026**.  Defendant shall file any opposition to plaintiff's motion for class certification no later than **July 8, 2026**.  Defendant shall produce its class certification expert(s) for deposition no later than **August 5, 2026**.  Plaintiff shall file any reply in support of his motion for class certification no later than **September 2, 2026**.

Absent further order of the court, the parties shall file a joint status report regarding scheduling within fourteen (14) days of the court issuing an order resolving plaintiff's anticipated motion for class certification.  The court therefore will not set dates for the pretrial conference and trial in this action at this time.

V.    SETTLEMENT CONFERENCE

The undersigned requires parties to participate in a court-supervised settlement conference with a settlement judge before the action may proceed to trial.  A settlement conference has not been set at this time.  At any time before the final pretrial conference, the parties may file a joint request that this action be referred to a settlement judge for the setting of a settlement conference.  If the parties have not participated in a court-supervised settlement conference by the time of the final pretrial conference, the court will refer the action at that time to the assigned magistrate judge for the setting of a settlement conference.  The parties shall contact the designated settlement conference judge's chambers to ascertain that judge's settlement conference procedures, including the procedure for submitting confidential settlement statements, which shall not be filed and will not otherwise be disclosed to the trial judge.

Unless otherwise permitted in advance by the court, the attorneys who will try the case shall appear at the settlement conference.  Pertinent evidence to be offered at trial, documents or otherwise, should be brought to the settlement conference for presentation to the settlement judge.  Of course, neither the settlement conference statements nor communications during the settlement conference with the settlement judge can be used by either party in the trial of this case.

Absent permission from the court, in addition to counsel who will try the case being present, <u>the individual parties shall also be present</u>, and in the case of corporate parties, associations or other entities, and insurance carriers, a representative executive with <u>unrestricted authority</u> to discuss, consider, propose and agree, or disagree, to any settlement proposal or offer <u>shall also be present</u>. If for any reason the representative with unlimited authority cannot attend, such a person must be available by phone or video throughout the conference. In other words, having settlement authority "up to a certain amount" is not acceptable.

VI.    REQUEST FOR BIFURCATION, APPOINTMENT OF SPECIAL MASTER, OR OTHER TECHNIQUES TO SHORTEN TRIAL

The parties have not made any such requests at this time.

VII.    RELATED MATTERS PENDING

The parties have not alerted the court to any related litigation.

VIII.    OBJECTIONS AND MODIFICATIONS TO THE SCHEDULING ORDER

**This case schedule will become final without further order of the court unless objections are filed within fourteen (14) days of the entry of this order.** The schedule, once final, shall not be modified except by leave of court upon showing of good cause. The assigned magistrate judge is authorized to modify only the discovery dates to the extent any such modification does not impact the balance of the schedule of the case.

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, no stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the court approves them. Agreement of the parties by stipulation alone does not constitute good cause. Any request or stipulation to modify this scheduling order must set forth:

(1)    the existing due date or hearing date as well as the discovery cutoff date, the last date for hearing motions, the final pretrial conference date, and the trial date;

(2)    whether there have been prior requests for extensions, and whether these were granted or denied by the court; and

/////

5

(3)    specific, concrete reasons supporting good cause for granting of the extension.  For example, if the reason for the requested extension is that it "will promote settlement," the requesting party or parties must indicate the status of ongoing negotiations, i.e., have written proposals been exchanged; is counsel in the process of reviewing a draft settlement agreement; has a mediator been selected.

IT IS SO ORDERED.

Dated:   **August 19, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

6